El Pueblo de Puerto Rico, demandante y apelado, *v.* Gregorio Suárez, acusado y apelante.

No. 3361.—*Visto:* Diciembre 15, 1927. *Resuelto:* Diciembre 24, 1927.

Armas—Portar Armas Prohibidas—Proceso y Castigo—Evidencia—Su Suficiencia—Para Sostener Convicción.—Cuando el único elemento en que basar una condena por la portación de un arma fuera de la propia casa del acusado desaparece posteriormente con una declaración del testigo que lo suministró congruente con su anterior declaración y con las demás pruebas de cargo al efecto de que el arma se portaba dentro de la propia casa, la prueba es insuficiente para sostener una convicción.

Sentencia de· *Gabriel Castejón,* J. (Humacao), condenando al acusado por delito de portar armas. *Revocada.*

*Fernando Gallardo,* abogado del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Se acusó a Gregorio Suárez de portar una chaveta de zapatero, instrumento con el cual puede causarse daño corporal. Contestó el acusado que no era culpable. Fué la causa a juicio. Y la corte finalmente dictó sentencia condenando al acusado a treinta días de cárcel. No conforme Suárez apeló para ante este tribunal.

El apelante no alega que no portara el arma. Lo que sostiene es que la portaba dentro de su casa y por tanto le ampara la excepción 5 del artículo 5 de la ley prohibiendo portar armas que dice que las disposiciones de dicha ley no son aplicables "a la portación de armas dentro de la propia casa o finca."

Todo depende del alcance de la prueba. Dos fueron los

testigos de cargo: Carmelo Concepción que declaró que tuvo un disgusto con el acusado en su casa, "se salió a la parte afuera, y entonces Gregorio Suárez lo hirió con una chaveta de trabajar," y Pedro Concepción que depuso "que cuando el acusado hirió a su hermano éste iba a salir y estaba en la puerta con un pie dentro y otro fuera de la casa y el acusado de adentro lo hirió por la espalda."

Varios testigos fueron presentados por el acusado y todos declararon que la portación del arma había tenido lugar dentro de su casa.

Al terminar su prueba ambas partes, la corte hizo comparecer de nuevo a Carmelo Concepción quien respondió: "Que él fué herido estando en la puerta de su casa, con un pie abajo y otro arriba, . . . . que el acusado Gregorio Suárez, estaba dentro de la casa cuando lo hirió."

Tanto el acusado como Concepción vivían en la misma casa, en el pueblo de Naguabo, estando casado Suárez con una hermana de Concepción.

Analizada la prueba, el Fiscal de esta Corte Suprema acepta que no puede servir de base para la sentencia condenatoria dictada y se allana al recurso.

No es posible llegar a otra conclusión. No se trata aquí de castigar al acusado por haber herido por la espalda a Concepción. La causa versa exclusivamente sobre la portación de un arma prohibida. Quizá en la primera declaración de Carmelo Concepción pudiera existir algún elemento en que basar la sentencia condenatoria, pero tal elemento desapareció con la segunda declaración que es perfectamente congruente con la que había prestado el otro testigo de cargo Pedro Concepción. El acusado estaba dentro de su casa y, por tanto, no cometió delito alguno al portar allí el arma prohibida.

*Debe revocarse la sentencia apelada y absolverse al acusado.*